```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS

MINISTER MAUREEN P. HURLEY,    )
                               )
           Plaintiff,          )
                               )
      v.                       )  C.A. No. 04-12203-RGS
                               )
MS. TAYLOR,                    )
                               )
           Defendant.          )
```

MEMORANDUM AND ORDER

For the reasons stated below, plaintiff's application to proceed without prepayment of fees is denied without prejudice. If plaintiff submits a new, fully-completed application to proceed without prepayment of the filing fee, she shall also demonstrate good cause why this action should not be dismissed.

FACTS

On October 20, 2004, plaintiff Maureen P. Hurley filed an Application to Proceed Without Prepayment of Fees accompanied by several letters and documents. See Docket. In these documents, Hurley explains that she is seeking Social Security Disability Benefits. She further explains that she is treating her medical condition with prayer. Hurley complains that Ms. Taylor and her manager, both employees of the Disability Determination Services Department of the Massachusetts Rehabilitation Commission, discriminated against

plaintiff by informing plaintiff that she needs "to go to another doctor for evidence, EKG."  See Docket No. 2.  Hurley contends that she is a "minister practitioner" of the "New Testament faith" and that defendant Taylor illegally discriminated against Hurley by requiring Hurley to be evaluated by a medical doctor.  Id.  For relief, plaintiff explains that she "needs to be recognized by [the Court]" and that "[the Court] should send [Disability Determination Services] a letter."  Id.

### REVIEW

Because plaintiff has moved to file without prepayment of fees, a summons has not issued in order to allow a preliminary review of this action to see that it satisfies the requirements of the federal in forma pauperis statute, 28 U.S.C. § 1915.

Section 1915 of Title 28 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2).  An in forma pauperis action may be dismissed sua

sponte and without notice under Section 1915 if the claim is based on an indisputably meritless legal theory or factual allegations that are clearly baseless.  Id.; Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

Even generously construing plaintiff's pleadings, Haines v. Kerner, 404 U.S. 519, 520-521, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), this action is subject to dismissal for the reasons stated below.

## ANALYSIS

I.  Plaintiff's Fee Waiver Application is Incomplete

A party filing a complaint in this Court must either (1) pay the $150.00 filing fee for such actions or (2) file an application to proceed in forma pauperis.  See 28 U.S.C. § 1914(a) ($150.00 filing fee); § 1915 (proceedings in forma pauperis).

Plaintiff submitted an application to proceed without prepayment of fees, but only completed the first page of the application.  Because the application is incomplete, I cannot make a determination whether plaintiff qualifies for in forma pauperis status and will deny it without prejudice.  I will grant plaintiff additional time to submit a new, fully-completed application.  If plaintiff fails to submit a new application or to pay the filing fee, this action shall be dismissed without prejudice.

If plaintiff files a new application, she is also directed to demonstrate good cause why this action should not be dismissed.

    II.   <u>Plaintiff Has Failed to State a Claim</u>

    A.   <u>Acceptable Medical Evidence</u>

To the extent plaintiff complains that the defendants refused to grant her request to have her self-prepared disability report accepted as the only evidence of her disability, she has failed to state a claim. In general, a claimant must prove to the Social Security Administration that he or she is disabled. <u>See</u> 20 C.F.R. § 404.1512(a). The Social Security Administration has delegated day-to-day responsibility for the consultative examination process to the state agencies that make disability determinations for the Social Security Administration. <u>See</u> 3 Soc. Sec. Law & Prac. § 37:29 (citing 20 C.F.R. § 404.1519s(a) (OASDI), 416.919s(b)(SSI)).

In order to find a claimant disabled, the Social Security Administration requires a medical report about the claimant's impairments from an acceptable medical source. <u>See</u> 20 C.F.R. § 404.1513 (medical and other evidence of your impairment(s)). Under the applicable regulations, ministers are not considered an acceptable source of medical evidence regarding a social

4

security disability claimant's impairment. <u>Id.</u> Although Section 404.1513(d) provides that the Commissioner may use evidence from "other sources" to evaluate the severity of a claimant's impairment, such language is permissive rather than mandatory. <u>See</u> <u>Evans v. Barnhart</u>, 92 Soc. Sec. Rep. Serv. 568, 573-74 (D.N.H. 2003). Thus, plaintiff has failed to state a claim and this action is subject to summary dismissal.

    B.   <u>Exhaustion</u>

To the extent plaintiff seeks judicial review, plaintiff does not allege facts indicating that a final decision concerning her SSI benefits has been rendered by the Social Security Administration or that she has exhausted his administrative remedies. Federal courts lack jurisdiction to review decisions on claims arising under the Social Security Act ("SSA") unless a "final decision" has been rendered. <u>See</u>

42 U.S.C. §§ 405(g),[1] (h);[2] <u>Shalala v. Illinois Council on Long Term Care, Inc.</u>, 529 U.S. 1, 10 (2000); <u>Weinberger v. Salfi</u>, 422 U.S. 749, 764 (1975).

Under the SSA, the Secretary, or his delegate, the Commissioner, must establish by regulation what constitutes a "final decision." <u>See</u> 42 U.S.C. § 405(a); <u>Weinberger</u>, 422 U.S. at 766 (1975) (term 'final decision' is not only left undefined by the Act, but its meaning is left to the Secretary

---

[1] Section 405(g) provides, in relevant part, that:

Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g).

[2] Section 405(h) provides that:

The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h).

to flesh out by regulation). Pursuant to Social Security Administration regulations, a decision is "final" when the administrative appellate process (a request for reconsideration, a hearing before an administrative judge, and review by the Appeals Council) has been exhausted. See 20 C.F.R. §§ 416.1400-1499.

Therefore, to the extent that plaintiff seeks judicial review of any decision of the Social Security Administration concerning her benefits, it appears that this Court lacks jurisdiction over her claims. See Illinois Council, 529 U.S. at 13-14.

## CONCLUSION

ACCORDINGLY, plaintiff's application to proceed without prepayment of fees is DENIED without prejudice. If plaintiff wishes to proceed with this action, she shall, within 35 days of the date of this Order, (1) submit a new, fully completed and signed application to proceed without prepayment of fees and (2) demonstrate good cause, in writing, why this action should not be dismissed without prejudice for the reasons stated above. If plaintiff fails to submit a new application or demonstrate good cause, this action will be dismissed without prejudice.

The Clerk is directed to send to plaintiff an Application

to Proceed Without Prepayment of Fees and Affidavit with this Order as well as a copy of "Step by Step: A Simple Guide to Filing a Civil Action."

SO ORDERED.

Dated at Boston, Massachusetts this 25th day of October, 2004.

/s/ Richard G. Stearns
RICHARD G. STEARNS
UNITED STATES DISTRICT JUDGE